Robert F. KENNEDY, Attorney General of the United States, Appellant,

v.

CHEMICAL BANK NEW YORK TRUST COMPANY et al., Appellees.

No. 16987.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 7, 1963.

Decided May 2, 1963.

Petition for Rehearing En Banc Denied En Banc June 28, 1963.

Petition for Rehearing by the Division Denied July 16, 1963.

Mr. John C. Eldridge, Atty., Dept. of Justice, with whom Acting Asst. Atty. Gen., Joseph D. Guilfoyle, and Mr. Alan S. Rosenthal, Atty., Dept. of Justice, were on the brief, for appellant.

Mr. A. Hayne deYampert, New York City, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Mr. Brackley Shaw, Washington, D. C., was on the brief, for appellees.

Before Danaher, Burger and Wright, Circuit Judges.

BURGER, Circuit Judge.

This appeal involves claims arising under the International Claims Settlement Act of 1949, as amended, 69 Stat. 562, 22 U.S.C. § 1631a et seq. On May 28, 1956, the Attorney General, acting under the authority of Executive Order No. 10644 (Nov. 7, 1955), vested the assets of the National Bank of Hungary. Chemical Bank New York Trust Company and Manufacturers Trust Company filed notices of debt claims with the Attorney General for $684,142.98 and $159,883.04, respectively. Section 208 of the International Claims Settlement Act, 22 U.S.C. § 1631g. On December 22, 1960, the Director of the Office of Alien Property, with the approval of the Attorney General, disallowed the claims on the ground that there was no debt due and owing from the National Bank of Hungary to either of the claimants.

The claimant banks sought judicial review of the Attorney General's determination in the District Court pursuant to the provisions of Section 208(f) of the Act, 22 U.S.C. § 1631g(f). On cross motions for summary judgment the District Court concluded that a contract existed between the National Bank of Hungary and the claimant banks and granted plaintiffs' motion for judgment and denied defendant's motion. 199 F.Supp. 256 (D.D.C.1961). The Attorney General appealed.

Section 208(a) of the Act, 22 U.S.C. § 1631g(a) provides:

"No debt claim shall be allowed under this section—

(1) if it is asserted against * * * Hungary * * * (including the government or any political subdivisions, *agencies, or instrumentalities* thereof) * * *." (Emphasis added.)

Section 208(c) of the Act provides that the Attorney General shall examine all claims in the first instance and determine if a particular claim falls within the terms of Section 208(a) (1), supra, and that this determination "shall be final and shall not be subject to judicial review." 22 U.S.C. § 1631g(c). In this case the Attorney General made no finding with regard to the command of Section 208(a).

There was evidence before the Attorney General which indicated that the National Bank of Hungary provided private banking services and performed monetary control functions for the Hungarian Government. If, at the time the claim was before him, the Attorney General had determined that the National Bank of Hungary came within the intendment of Section 208(a) (1), i. e., that it was an agency or instrumentality of the Hungarian government, that determination would now be final and not subject to judicial review. In a case such as this, an administrative finding that Section 208(a) (1) *does not apply* is the necessary predicate to review of the Attorney General's determination by the District Court. Congress has commanded in unmistakable terms that this determination is to be made by the administrator of the statute and not by the courts. However, since the Attorney General has never made the finding contemplated by the statute he must be allowed to determine, at this time, whether the claims asserted are barred by Section 208(a). If they are found to be claims of that category, the Act compels the Attorney General to disallow them and that determination is binding on the courts.

In the present posture of the case, we need not review the District Court's determination that a contract existed between the National Bank of Hungary and the claimants.

The judgment of the District Court is vacated and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.